UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

WILLIAM HUNTER PHILLIPS,   CASE NO. 07-12829-WSS

    Debtor.   Chapter 11

WILLIAM HUNTER PHILLIPS,

    Plaintiff,

v.   ADV. PROC. NO. 09-01021

BARRY D. WOOD,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS, ABSTAIN OR TRANSFER

C. Michael Smith and Elias J. Saad, Counsel for the Plaintiff
Thomas H. Benton, Jr., Counsel for the Defendant

This matter came before the Court on the Defendant's motion to dismiss, abstain or transfer the above-styled adversary proceeding, and the Court heard oral argument. The facts are gleaned from the pleadings, briefs, and exhibits submitted by the parties.

The Defendant, Barry Wood, terminated the Plaintiff's employment as manager of two radio stations (FM WAVH and WZEW) on or about September 13, 1999. The Plaintiff, William Phillips, filed an action in the Circuit Court of Mobile County, Alabama on September 16, 1999 alleging that Wood breached the terms of his employment contract, and an agreement wherein Wood offered to make Phillips a partner in the radio stations. Wood filed a chapter 11 petition in the U.S. Bankruptcy Court for the Eastern District of Virginia ("the Virginia Court") on November 3, 2000. The Virginia Court lifted the automatic stay to allow Phillips' claim to be

1

Case 09-01021    Doc 28    Filed 10/26/09    Entered 10/26/09 16:26:11    Desc Main
Document      Page 1 of 6

determined in the Alabama state court.  On July 18, 2001, the Alabama state court ruled in favor of Phillips on his partnership claim, and Wood appealed the decision to the Alabama Supreme court.

While the state court case was on appeal, Phillips and Wood entered into a settlement agreement on May 1, 2002. Under the terms of the agreement, Phillips renounced any claim to the radio stations and other claims against Wood in exchange for a portion of the funds received by Wood when the stations were auctioned in Wood's bankruptcy case.  The Virginia Court confirmed Wood's third amended plan on May 15, 2002.  The confirmation order incorporated the settlement on page 3 of the order, paragraph G: "Specifically, Phillips has entered into a settlement agreement with the Debtor (the "Settlement Agreement") which was accepted and approved by this Court at the Confirmation Hearing, the terms of which became part of the Plan and pursuant to which, Phillips withdraws the Phillips Objection and any other opposition to the Plan."  A copy of the Settlement Agreement was attached to the confirmation order.  The confirmation order also retained jurisdiction "to enforce and implement the terms and provisions of the Plan, this Order, the Asset Purchase Agreements, . . . all amendments thereto, . . . including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Assets to Cumulus and DotCom; (b) resolve any disputes arising under, or related to, the Asset Purchase Agreements, this Order and the Bid Procedures . . ." Order Confirming Third Amended Plan, page 23, para. 34.

As part of Wood's reorganization plan, the Virginia Court auctioned the radio stations to the successful bidders, Cumulus Broadcasting, Inc. ("Cumulus") for WAVH and .com+, l.l.c. ("DotCom") for WZEW.  The Asset Purchase Agreements ("APA") contained a provision that

2

increased the purchase price by a certain percentage if the closing did not occur before December 31, 2002. It also provided that the agreement could be terminated by written notice of the seller or buyer if the sale had not closed by the expiration of the LMA or local marketing agreement, which was extended to May 31, 2004 and thereafter on a month to month basis. Applications for the sales had to be filed with the FCC, and there were delays in receiving approval for the applications. Cumulus terminated the WAVH APA on September 9, 2005 and DotCom terminated the WZEW APA on January 20, 2005.

On January 25, 2005, Wood filed a motion asking the Virginia Court to find that the settlement agreement had terminated by its own terms. During the discovery taken for the motion to terminate, Phillips learned of the facts that are the basis for this adversary proceeding, namely that Wood allegedly convinced Cumulus and DotCom to terminate the APAs so that the parties could later conduct a sale of the stations without Wood's obligations to Phillips under the settlement agreement. On May 20, 2005, the Virginia Court granted Wood's motion to terminate the settlement agreement, finding that "the contingency as to the failure of the sales contract to close occurred and the settlement between Barry D. Wood and William H. Phillips terminated." Phillips did not appeal the court's order. The Virginia Court case is still open.

In September 2006, Phillips filed a state court action against Cumulus, DotCom, their principals, and Wood, claiming that they had conspired to terminate the APAs to prevent Phillips from receiving the benefits of the settlement agreement and that they had tortiously interfered with the contractual agreement between Phillips and Wood. When Wood tried to remove the action to federal court and ultimately to the Virginia Court, Phillips voluntarily dismissed Wood as a party, and proceeded against the remaining defendants. The state court granted summary

3

judgments in favor of Cumulus, DotCom and their principals in 2007. Phillips appealed the decisions. On April 24, 2009, the Supreme Court of Alabama found that the trial court did not have subject matter jurisdiction to enter the summary judgments because the Virginia Court retained jurisdiction over all matters related to the APAs in its confirmation order. The Supreme Court vacated the summary judgments in favor of Cumulus, DotCom and their principals. Some of the parties have asked the Supreme Court of Alabama to reconsider this decision.

**CONCLUSIONS OF LAW**

Although Wood's motion mentioned dismissal, the Court indicated at the hearing on this matter that it will address only its jurisdiction and the Virginia Court's jurisdiction over this adversary proceeding. Wood asks this Court to dismiss, abstain or transfer this adversary proceeding based on the Virginia Court's retention of jurisdiction in its confirmation order. Phillips maintains that the Virginia Court has no subject matter jurisdiction over this adversary because the actions that are the basis of the complaint took place after confirmation of Wood's plan.

Bankruptcy court jurisdiction is defined by 11 U.S.C. §1334(b), and ranges from cases under Title 11 to matters "related to" bankruptcy proceedings. In the Eleventh Circuit, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which may in any way impact the handling and administration of the bankruptcy estate." *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

Bankruptcy courts have differed on the parameters of post-confirmation jurisdiction in chapter 11 cases. See *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193-94 (9th Cir. 2005). The Fifth Circuit Court of Appeals in *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir.

4

2001) found that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan."  In a later decision, the Fifth Circuit emphasized three factors that were critical to the *Craig's Stores* decision: (1) that the claims at issue "dealt with post-confirmation relations between the parties"; (2) that "there was no antagonism or claim pending between the parties as of the date of reorganization"; and (3) that "no facts or law deriving from the reorganization or the plan [were] necessary to the claim."  *In re Enron Corp. Securities*, 535 F.3d 325, 335 (5th Cir. 2008).  After the reviewing the source of bankruptcy court jurisdiction in 28 U.S.C. §1334(b), the Third Circuit Court of Appeals adopted a broader boundary for post-confirmation jurisdiction in *In re Resorts Int'l, Inc.*, 372 F.3d 154, 166-67 (3rd Cir. 2004), holding  "the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy jurisdiction over the matter."  "At the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process- there must be a close nexus to the bankruptcy plan or proceeding."  *Id.* at 167.

     The fact situation before the Court presents a mix of pre- and post-confirmation activity that does not allow a clear division.   Wood's alleged actions to encourage the termination of  the APAs took place after confirmation of the reorganization plan, but the APAs were part of a settlement agreement that dealt with a litigious claim in the chapter 11 case and was actually integrated into the plan.  The Virginia Court explicitly retained jurisdiction to settle disputes concerning the APAs.  The Virginia bankruptcy exercised that jurisdiction to terminate the settlement agreement at Wood's request.  Applying the factors from *Enron Securities*,  the claims in the current adversary deal with post-confirmation relations between the parties, but there was a

5

Case 09-01021    Doc 28    Filed 10/26/09    Entered 10/26/09 16:26:11    Desc Main
Document      Page 5 of 6

dispute and an actual claim pending at the time of reorganization. There are also several issues of fact stemming from the reorganization that are necessary to Phillips' present claim. Phillips' original claim against Wood, which is still being litigated, is the basis for Phillips' claim in the Wood bankruptcy and the settlement agreement. However, when the settlement agreement was terminated, the Virginia Court remanded Phillips' claim to the state court to determine the liability of the parties and to liquidate Phillips' claim. While this Court may have a claim to jurisdiction over Phillips' present claim against Wood, there are too many factual ties to Phillips' original claim and Wood's Virginia bankruptcy to ignore the Virginia Court's jurisdiction. Therefore, in the interest of comity, this Court finds that the Virginia Court should determine whether it has jurisdiction over this adversary proceeding, and will transfer the matter for the Virginia court to make the determination. If the Virginia Court determines that it has jurisdiction over this adversary proceeding, it can then decide if that court's familiarity with the facts of this case, the APAs, and the settlement agreement would make it the better forum to try this adversary proceeding. This Court makes no ruling on the Defendant's motion to dismiss or abstain from this adversary proceeding. Based on the foregoing, it is

**ORDERED** that the above-styled proceeding is transferred to the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, in connection with Case No. 00-14460-RGM, to determine whether the Virginia Court has jurisdiction over the adversary proceeding.

Dated: October 26, 2009

*/s/ William S. Shulman*
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

6

Case 09-01021   Doc 28   Filed 10/26/09   Entered 10/26/09 16:26:11   Desc Main
Document      Page 6 of 6